EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ ANTONIO RÍOS FERNANDINI, acusado y apelante.

*Números:* CR-65-18–65-20     *Resueltos:* 17 de noviembre de 1965

*José Rafael Gelpí* y *Manuel Abréu Castillo,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

### SENTENCIA

El apelante fue convicto del delito de robo, Núm. 65-18. Fue convicto también de portación y de posesión de armas, Núms. 65-19 y 65-20. En los casos de portación y posesión de armas el abogado del apelante sometió escrito al Tribunal informando que nada tenía que alegar para la revocación de las sentencias. Se ordenó que el apelante fuera notificado de dicho escrito y hay constancia en los autos de que fue notificado. Se confirman las sentencias condenatorias por infracciones a la Ley de Armas.

En el recurso Núm. 65-18 el apelante levanta como un único error el que la acusación no aduce hechos constitutivos de delito de robo. La acusación le imputa el que se apropió de una cartera conteniendo alrededor de $40 pertenecientes a

Hilda Inés Canine en la inmediata presencia de la perjudicada y por medio de la fuerza, violencia e intimidación, y en contra de la voluntad de dicha perjudicada.

El Art. 238 del Código Penal define el delito de robo como el acto de apoderarse criminalmente de bienes muebles *pertenecientes* a otro, ya sustrayéndolos de su persona, ya en su inmediata presencia y contra su voluntad, por medio de la violencia o de la intimidación. De acuerdo con la anterior definición de robo es incuestionable que la acusación contenía hechos suficientes para imputar como cuestión de derecho la comisión de un delito de robo. El apelante sostiene, sin embargo, que el Art. 238 del Código Penal es una traducción errónea de la definición del delito de robo según el mismo se define en la versión inglesa del referido Art. 238, que es idéntica a la definición de robo del Art. 211 de California cuando adoptamos dicho Código. El punto estriba en que en la versión inglesa del Art. 238 y en el Art. 211 de California se habla de bienes muebles *en la posesión de otro*, y en la versión española se dice "bienes muebles pertenecientes a otro".

Posiblemente la versión española del Art. 238 no es la traducción literal más exacta del texto en inglés, pero fundamentalmente no existe diferencia de tal naturaleza que haga que la versión española impute delito distinto al de la versión inglesa o no impute delito. El término "perteneciente a otro" usado en el texto español incluye en su sentido general la posesión en otra persona. Lo importante es que los bienes no sean del propio acusado.

Examinada la acusación no tenemos duda de que la misma informaba adecuadamente al apelante de la comisión de un delito de robo contra el cual debía oponer su defensa, a distinción de una imputación de hurto. El error que se aduce nos parece carente de méritos. Se confirma la sentencia en el caso Núm. 65-18 por el delito de robo.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.)  Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.)  Joaquín Berríos
*Secretario Interino*   .